Plaintiff's request is GRANTED IN PART. On or before **November 6, 2026**, Volvo must respond with specific deadlines by which it will provide the requested information. Volvo must provide responses to all of Plaintiff's discovery requests listed below within 30 days, at the latest. The Clerk of Court is respectfully directed to close the motion at Dkt. 32.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: November 4, 2026

**M.M.**
Plaintiff, Pro Se

**VIA ECF**

**Honorable Arun Subramanian**
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street New York, NY 10007

**October 30, 2026**

**Re: M.M. v. Volvo Car Financial Services US, LLC Civil Action No. : 1:25-CV-7520-AS**

***Plaintiff's Letter-Motion to Compel Discovery Responses and for Related Relief***

Dear Judge Subramanian:

Plaintiff respectfully submits this letter-motion under Paragraph 5.B of the Court's Individual Practices in Civil Pro Se Cases. Defendant has not responded to Plaintiff's First Interrogatories and Document Requests or to Plaintiff's First Requests for Admission by their respective deadlines, including the extended deadline that Defendant itself requested. Plaintiff has conferred with Defendant's counsel on three separate occasions and has advised counsel that he believes the parties are at an impasse. Plaintiff respectfully requests an informal conference but is also open to resolution on the letters through an order compelling discovery responses and addressing the consequences of Defendant's delay.

**Background**

On September 8, 2026, Plaintiff served his First Interrogatories and Document Requests by email, and Defendant's counsel, Paul Daly, acknowledged receipt. Responses were due October 8. On September 18, 2026, Plaintiff served his First Requests for Admission by email, and Mr. Daly again acknowledged receipt. Those responses were due October 19.

On October 8, the day Defendant's answers to the interrogatories and document requests were due, Defendant requested a two-week extension. Plaintiff agreed to October 22, and Mr. Daly confirmed that date. Defendant did not request, and Plaintiff did not grant, any extension for the First Requests for Admission.

On October 16, Mr. Daly called Plaintiff, and the parties conferred for approximately 20 minutes. Mr. Daly proposed that he look into a limited set of issues with his client to explore resolving the matter before the October 22 response deadline, and he asked Plaintiff to list those issues by email. Plaintiff agreed to discuss a limited set of issues but expressly stated that he was not abandoning the full scope of his discovery requests and would not send a modified list. After discussing those issues, the parties agreed that Mr. Daly would follow up on October 19 before the established discovery deadlines were triggered.

Mr. Daly did not follow up on October 19 or at any point before October 22. Defendant served no answers or objections to Plaintiff's First Requests for Admission by October 19, and no answers to Plaintiff's interrogatory and document requests by October 22, the deadline Defendant itself requested.

On the morning of October 23, Plaintiff emailed Mr. Daly. Plaintiff noted that the parties appeared to be approaching an impasse and requested a conference. The parties spoke by telephone on October 27 at 2:15 p.m. for approximately ten minutes. Mr. Daly offered verbal explanations on some of the issues discussed on October 16 and offered affidavits in support, but he provided no documents and no date by which Defendant would serve written responses or produce documents. Plaintiff declined the affidavits. A second brief call took place at 5:24 p.m. that day, and again no date was provided. Plaintiff advised that he would consider the parties at an impasse as of Friday, October 30.

As of 10:00 a.m. on October 30, 2026, Defendant has not contacted Plaintiff since October 27, has served no responses, objections, or documents in response to any of the three sets of pending requests, and has not proposed a date for doing so, despite three conferences and Plaintiff's notice of impasse.

**Relief**

Plaintiff respectfully requests that the Court:

(1) Order Defendant to serve complete written responses to Plaintiff's First Interrogatories and Document Requests, and to produce all responsive documents, within seven days of the Court's order;

(2) Hold that Defendant has waived its objections to Plaintiff's interrogatories under Rule 33(b)(4);

(3) Confirm that the matters in Plaintiff's First Requests for Admission are admitted under Rule 36(a)(3); and

(4) Hold that any objections to Plaintiff's document requests, other than those based on attorney-client privilege or work product, are waived.

**Prejudice**

Plaintiff recognizes that the Court may, for good cause, excuse Defendant's failures. Plaintiff respectfully asks the Court to weigh that question against a pattern of delay by Defendant that has repeatedly prejudiced Plaintiff (see Defendant's Motion to Compel Arbitration, Dkt. 12, and the Court's order denying it, Dkt. 28). Here, Plaintiff has spent additional time and resources pursuing responses that were due weeks ago, and he still has not been able to fully evaluate his claims, make an informed decision about retaining counsel, or plan the remaining discovery. Defendant's extension request, made on the day its responses were due, pushed those responses past the October 16 deadline to join parties, and its subsequent default has left Plaintiff without any discovery at today's deadline to freely amend his pleading. The delay has also compressed the time available to identify deponents, conduct depositions, address any objections, and pursue follow-up discovery before fact discovery closes on March 12, 2027.

Plaintiff thanks the Court for its consideration.

Respectfully submitted,
/s/ M.M.
Plaintiff, Pro Se